IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CASE NO. | 7:08-cv-177 |
| § | | |
| 3.17 ACRES OF LAND, MORE OR § | Tract No. RGV-RGC-1082 | |
| LESS, SITUATE IN STARR COUNTY, § | | |
| STATE OF TEXAS; AND JUAN § | | |
| MONTALVO, ET AL., § | | |
| *Defendants.* § | | |

**JOINT MOTION FOR ORDER ESTABLISHING JUST COMPENSATION, GRANTING POSSESSION, AND DISTRIBUTING FUNDS ON DEPOSIT IN THE REGISTRY OF THE COURT FOR TRACT RGV-RGC-1082**

1. On June 21, 2008, the United States of America (hereafter "United States") filed a Declaration of Taking for the condemnation of a fee simple interest in real property identified as Tract RGV-RGC-1005.[1] On June 25, 2008, the United States deposited ten thousand nine hundred and 00/100 dollars ($10,900.00) into the Registry of the Court as estimated just compensation for Tract RGV-RGC-1005.[2] Pursuant to 40 U.S.C. § 3114(b)(1), the filing and the deposit immediately vested title to Tract RGV-RGC-1005 in the United States.

2. On August 2, 2017, the United States filed an Amendment to Declaration of Taking (hereafter "ADT") based on final title and survey results to clarify that Tract RGV-RGC-1005 was actually comprised of several parcels of land with separate ownerships.[3] Said tract was then subdivided and identified as (a) fee Tracts: RGV-RGC-1104, RGV-RGC-1082, RGV-RGC-1081, RGV-RGC-1080, RGV-RGC-1079, RGV-RGC-1078, and RGV-RGC-1077, and (b) temporary

---

[1] Dkt. No. 2
[2] *See* Dkt. No. 4.
[3] Dkt. No. 23.

twenty-four month easement Tracts: RGV-RGC-1079E, RGV-RGC-1078E, and RGV-RGC-1077E. The ADT further revised the estimate of just compensation for the newly identified tracts[4] and on January 15, 2019, the United States deposited an additional fifteen thousand seven hundred and 00/100 dollars ($15,700.00) as estimated just compensation.[5]

3. Specifically, the ADT acquired 0.172 acres of fee identified as Tract RGV-RGC-1082 (hereafter "Subject Property").[6] Additionally, the ADT estimated the value of the Subject Property at two thousand three hundred and 00/100 dollars ($2,300.00).[7]

4. On January 9, 2020, the United States filed a Second Amendment to Declaration of Taking (hereafter "Second ADT") to clarify that in addition to acquiring the 0.172 acres in fee, the United States was also acquiring in fee the remaining land south to the river (i.e., the riverside remainder), thereby increasing the size of Tract RGV-RGC-1082 to 0.710 acres.[8] The Second ADT revised the legal description and plat of Tract RGV-RGC-1082 to reflect the acquisition of the riverside remainder.[9]

5. Although the United States takes no advocacy position regarding ownership[10] of the Subject Property, in an effort to assist the Court with proof of ownership it offers the following information from available title evidence.[11]

6. The title evidence relied upon by the United States includes a diligent search of the deed records of Starr County, probate records, and corroboration by Defendants Jose Ignacio Gutierrez, Ignacio Guerra, III, Myra Guerra, Omar Guerra, Rosario G. Pope, Celeste G. Narro,

---

[4] Dkt. No. 23-1, pp. 56-57 (Schedule FF).
[5] *See* Dkt. No. 40.
[6] Dkt. No. 23-1, pp. 11-13.
[7] *Id*. at 56.
[8] Dkt No. 116-1, pp. 8-12.
[9] *Id*.
[10] *See United States v. Certain Lands in Town of Hempstead*, 129 F.2d 918, 920 (2d Cir. 1942).
[11] Fed. R. Civ. P. 71.1(h); *United States v. 22,680 Acres of Land in Kleberg Cty., Tex.*, 438 F.2d 75, 77 (5th Cir. 1971) (authorizing Federal courts sitting in condemnation cases to determine who held title to land prior to condemnation).

Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez, Maria Iris G. Trevino, that they collectively own the Subject Property.

7. In early 1926, Petra Garcia Vda. De Gutierrez, obtained a final judgment in Cause No. 4801, *H.A. Russell v. Joaquin Salinas, et al*, in the 93rd District Court of Hidalgo County, Texas, awarding her significant land holdings in Starr County, including 11.63 acres of land in Share 11-A, out of Porcion No. 71.[12]

8. In July 1926, Petra Garcia Vda. De Gutierrez executed a warranty deed transferring her entire ownership of the 11.63 acres of land in Share 11-A to her daughter, Isabel Gutierrez Garcia.[13]

9. On January 25, 1954, Isabel Gutierrez Garcia conveyed 1.60 acres in Share 11-A to her sister in law, Ignacia G. Gutierrez.[14]

10. Ignacia G. Gutierrez died testate on January 4, 2006, and there remains an *active* probate case for the administration of her estate in Starr County, Texas, in which all six of her children: Celeste G. Narro, Rosario G. Pope, Jose Ignacio Gutierrez, Minerva G. Guerra, Cecilia G. Martinez, and Maria Iris G. Trevino, were issued Letters Testamentary.[15]

11. On June 11, 2020, this Court substituted Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez, for and in place of Cecilia G. Martinez.[16]

12. On September 29, 2020, this Court substituted Omar Guerra, Ignacio Guerra, III, and Myra Guerra for and in place of Minerva G. Guerra.[17]

---

[12] Ex. 1, Final Judgment in Cause No. 4801.
[13] Ex. 2, 1926 Warranty Deed.
[14] Ex. 3, 1954 Warranty Deed filed for record. Note: the United States acknowledges this exhibit is difficult to read and has made efforts to increase its legibility from the original provided by the title company, highlights have also been added for the Court's convenience.
[15] Ex. 4, Cause No. PR-06-004, Estate of Ignacia G. Gutierrez, in the County Court of Starr County, Texas.
[16] Dkt. No. 136. This party was properly served pursuant to Fed. R. Civ. P. 4 and 71.1. Dkt. No. 138.
[17] Dkt. No. 144. These parties were properly served pursuant to Fed. R. Civ. P. 4 and 71.1. Dkt. Nos. 146, 149, and 156, respectively.

13. Ignacia G. Gutierrez is the last party in the chain of title for the Subject Property[18], and the Executors of her Estate jointly assert they maintain ownership of the Subject Property; to date, no one else has claimed an interest in the Subject Property.

14. Thus, Jose Ignacio Gutierrez, Ignacio Guerra, III, Myra Guerra, Omar Guerra, Rosario G. Pope, Celeste G. Narro, Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez, and Maria Iris G. Trevino, have been identified as interested parties.[19]

15. Thus, the United States and Defendants Jose Ignacio Gutierrez, Ignacio Guerra, III, Myra Guerra, Omar Guerra, Rosario G. Pope, Celeste G. Narro, Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez, and Maria Iris G. Trevino, now make this joint motion for an Order: (a) establishing two thousand three hundred and 00/100 dollars ($2,300.00) as the total just compensation for Tract RGV-RGC-1082, (b) granting the United States possession of Tract RGV-RGC-1082; and (c) disbursing the stipulated amount of just compensation, as directed below, from the funds on deposit in the Registry of the Court. As grounds for this motion, the parties jointly state:

   a. The United States and Defendants confirm and agree that the full and just compensation payable by the United States for the taking of Tract RGV-RGC-1082 shall be the sum of two thousand three hundred and 00/100 dollars ($2,300.00), plus any accrued interest, which sum is all inclusive and in full satisfaction of any claims of whatsoever nature by Defendants against the United States for the institution and prosecution of the above-captioned action.

   b. The parties respectfully request that partial judgement be entered against the United States in the amount of two thousand three hundred and 00/100 dollars ($2,300.00) for

---

[18] *See* Ex. 3.
[19] Dkt. No. 145.

its taking of Tract RGV-RGC-1082, along with any accrued interest.

c. The United States has previously deposited two thousand three hundred and 00/100 dollars ($2,300.00) into the Registry of the Court. The United States and Defendants agree that title to Tract RGV-RGC-1082 has vested in the United States by operation of law.

d. The parties agree that the United States shall be entitled to immediate possession of fee Tract RGV-RGC-1082, and all persons in possession or control of the interests taken in this property should be ordered by the Court to surrender possession of the same to the United States.

e. The total sum of two thousand three hundred and 00/100 dollars ($2,300.00) currently on deposit with the Registry of the Court, with accrued interest, shall be subject to all real estate taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from this sum.

f. Upon the Court's Order entering partial judgment in accord with this stipulation of just compensation for Tract RGV-RGC-1082, the parties seek immediate disbursement of two thousand three hundred and 00/100 dollars ($2,300.00) on deposit in the Registry of the Court, together with any accrued interest earned thereon from the initial deposit date of June 25, 2008[20], to be disbursed as follows:

    i. $383.33 shall be payable by check to Jose Ignacio Gutierrez, with accrued interest from the date of deposit;

---

[20] Dkt. No. 4.

  ii.   $127.78 shall be payable by check to Ignacio Guerra, III, with accrued interest from the date of deposit;

  iii.   $127.78 shall be payable by check to Myra Guerra, with accrued interest from the date of deposit;

  iv.   $127.78 shall be payable by check to Omar Guerra, with accrued interest from the date of deposit;

  v.   $383.33 shall be payable by check to Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez, with accrued interest from the date of deposit;

  vi.   $383.33 shall be payable by check to Maria Iris G. Trevino, with accrued interest from the date of deposit;

  vii.   $383.33 shall be payable by check to Rosario G. Pope, with accrued interest from the date of deposit;

  viii.   $383.34 shall be payable by check to Celeste G. Narro, with accrued interest from the date of deposit.

g. Defendants warrant (a) they were the owners of the Subject Property taken in this proceeding on the date of taking; (b) they have the exclusive right to the compensation, herein; excepting the interests of parties having liens, encumbrances of record, and unpaid taxes and assessments, if any; and (c) that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

h. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants shall refund into the Registry of the Court the

compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendants, to the date of repayment into the Registry of the Court.

i. Defendants shall be responsible for their own legal fees, costs, and expenses, including attorney fees, consultant fees, and any other expenses or costs.

j. There being no outstanding taxes or assessments due or owing, Defendants are responsible for the payment of any additional taxes or assessments which they otherwise owe on the interest in the property taken in this proceeding on the date of taking.

k. Defendants shall take no appeal from any rulings or judgments made by the Court in this action, and the parties consent to the entry of all motions, orders, and judgments necessary to effectuate this stipulated judgment.

l. Defendants shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interests in the property taken in this proceeding on the date of taking.

m. This joint stipulation and motion is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants.

n. There are still tracts remaining in this case that have outstanding issues of just compensation, the United States requests this case remain open and pending on the Court's docket.

**DEFENDANTS:**

By: _s/ Jose Ignacio Gutierrez (with permission)_
     **JOSE IGNACIO GUTIERREZ**

By: _s/ Sara Cecilia Martinez (with permission)_
     **SARA CECILIA MARTINEZ, EXECUTRIX FOR THE ESTATE OF CECILIA G. MARTINEZ**

By: _s/ Maria Iris G. Trevino (with permission)_
     **MARIA IRIS G. TREVINO**

By: _s/ Rosario G. Pope (with permission)_
     **ROSARIO G. POPE**

By: _s/ Celeste G. Narro (with permission)_
     **CELESTE G. NARRO**

By: _s/Ignacio Guerra, III (with permission)_
     **IGNACIO GUERRA, III**

By: _s/ Myra Guerra (with permission)_
     **MYRA GUERRA**

By: _s/ Omar Guerra (with permission)_
     **OMAR GUERRA**

Respectfully submitted,

**FOR PLAINTIFF:**

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: _s/ Megan Eyes_
**MEGAN EYES**
Assistant United States Attorney
Southern District of Texas No. 3135118
Florida Bar No. 0105888
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Megan.Eyes@usdoj.gov
Attorney in Charge for Plaintiff

_s/ N. Joseph Unruh_
**N. Joseph Unruh**
Assistant United States Attorney
Southern District of Texas No. 1571957
Texas Bar No. 24075198
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Neil.Unruh@usdoj.gov
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on December 2-3, 2020, a copy of the foregoing was electronically filed in the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record, and by regular U.S. mail to all *pro se* Defendants listed in this cause.

        By:    *s/ N. Joseph Unruh*
                **N. JOSEPH UNRUH**
                Assistant United States Attorney