United States District Court
Southern District of Texas
**ENTERED**
January 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:08-cv-00177 |
| | § | |
| JUAN MONTALVO, et al., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers the parties' "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tracts RGV-RGC-1080, RGV-RGC-1077 & RGV-RGC-1077E" filed by Plaintiff United States and Defendants Jose Ignacio Gutierrez; Sara Cecilia Martinez, as the executrix for the estate of Cecilia G. Martinez; Maria Iris G. Trevino; Rosario G. Pope; Celeste G. Narro; Ignacio Guerra, III; Myra Guerra; Omar Guerra; and Laura G. Sandoval, as independent executrix for the estate of Elisa de Leon Gutierrez.[1] The Court also considers the "Joint Motion for Order Establishing Just Compensation, Granting Possession, and Distributing Funds on Deposit in the Registry of the Court for Tract RGV-RGC-1082" filed by Plaintiff United States and Defendants Sara Cecilia Martinez, as the executrix for the estate of Cecilia G. Martinez; Maria Iris G. Trevino; Rosario G. Pope; Celeste G. Narro; Ignacio Guerra, III; Myra Guerra; Omar Guerra.[2] After considering the motions, record, and relevant authorities, the Court **GRANTS** both joint motions.

---

[1] Dkt. No. 157.
[2] Dkt. No. 158.

## I.   BACKGROUND AND PROCEDURAL HISTORY

This is an eminent domain case commenced in 2008.[3] This opinion and order is a continuation of the Court's July 27, 2020 order.[4] In that order, the Court acknowledged that this case involves numerous tracts of land and the United States has "gradually filed dismissal documentation for multiple tracts, but has yet to resolve the entire case."[5] Pending before the Court are dismissal documents as to more tracts that are a part of this proceeding, but again without finally resolving the case as to every tract. Nevertheless, the Court turns to resolving proceedings against the tracts for which dismissal documentation is complete.

## II.   TRACTS RGV-RGC-1080, RGV-RGC-1077, AND RGV-RGC-1077E

Tract RGV-RGC-1080 is 0.828 acres and Tract RGV-RGC-1077 is 1.256 acres both in Starr County, Texas.[6] The United States seeks to take these two tracts in fee simple absolute interest, subject to certain exceptions.[7] Tract RGV-RGC-1077E is 0.282 acres and the United States evidently availed of a temporary 24-month "work area easement" over this tract beginning in 2017 and ending in 2019.[8] Just compensation remains to be resolved for the temporary easement. The United States and certain Defendants jointly move for an order:

> (a) establishing nine thousand seven hundred and 00/100 dollars ($9,700.00) as the total just compensation for Tracts RGV-RGC-1077, RGV-RGC-1077E and RGV-RGC-1080, (b) granting the United States possession of fee Tracts RGV-RGC-1077 and RGV-RGC-1080; and (c) disbursing the stipulated amount of just compensation . . . .[9]

---

[3] Dkt. No. 1.
[4] Dkt. No. 139.
[5] *Id.* at 2.
[6] Dkt. No. 115-1 at 20, 32.
[7] Dkt. No. 22-1 at 54.
[8] Dkt. No. 157 at 2, ¶ 3 (citing Dkt. No. 23-1 at 45–52) (the motion indicates the tract is 0.194 acres but the declaration of condemnation indicates 0.282 acres).
[9] Dkt. No. 157 at 9, ¶ 33.

Before the Court can determine just compensation, Plaintiff United States "must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records."[10] The parties recount in the joint motion a long and complex title history dating back to 1926 and evidenced by court judgments, written conveyances, and death certificates.[11] The parties attach sufficient proof of ownership and entitlement to just compensation and Defendants additionally warrant that they are the owners of the tracts taken and have the exclusive right to compensation.[12] The Court finds that Defendants are entitled to just compensation according to their agreed amount of compensation and that Plaintiff United States is entitled to take the subject property according to the following. The Court **GRANTS** the joint motion with respect to these tracts[13] and **ORDERS**, **ADJUDGES**, and **DECREES** the following:

The United States is granted a fee simple absolute interest over Tracts RGV-RGC-1077 and RGV-RGC-1080, which are lands described in Schedules CCC and DDD of the United States' "Second Amendment to Complaint in Condemnation,"[14] subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; excepting and excluding all interest in minerals and the rights appurtenant thereto and excepting and excluding all interest in water distribution and drainage systems, provided that any surface rights arising from the excluded interests in water distribution and drainage systems are subordinated to the construction, operation, and maintenance of the border barrier; and reserving a perpetual right of

---

[10] FED. R. CIV. P. 71.1(c)(3); *see United States v. 22,680 Acres of Land in Kleberg Cnty.*, 438 F.2d 75, 77 (5th Cir. 1971) ("[A] federal district court may not decline to exercise its jurisdiction to determine the true owners of condemned land when such jurisdiction is timely invoked."); Dkt. No. 111 at 3 ("The Court finds the parties do not provide sufficient proof of ownership.").

[11] Dkt. No. 157 at 3–8, ¶¶ 8–32.

[12] *Id.*; *id.* at 11, ¶ 33.g. In light of the parties' agreements on the proper amount and division of compensation, the Court does not endeavor to explain at length the near-century of family and title history involving the tracts taken in this proceeding.

[13] Dkt. No. 157.

[14] Dkt. No. 115-1 at 20–24; *id.* at 32–36.

way on both sides of the federal border barrier for the purpose of gaining access to condemnees' land on the other side of the border barrier; and reserving to the United States along and on both sides of the border barrier the right to read and utilize the nearest border barrier gate for the purpose of accessing condemnees' lands on the other side. The taking reserves a permanent right-of-way to any condemnee and all landowners similarly situated to access the nearest border barrier gate to lands not taken between the border barrier and the Rio Grande River which allows entry to the other side of the border barrier from which unacquired land can be accessed.

The United States must use its interests granted by this decree for the public purposes for which the property is taken: to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, and related structures designed to help secure the United States/Mexico international border within the State of Texas. All those who interfere with or whose use is inconsistent with the United States' interests in Tracts RGV-RGC-1077 and RGV-RGC-1080 are hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this decree.

The total sum of nine thousand seven hundred dollars ($9,700), together with any interest earned while on deposit in the registry of the Court,[15] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tracts RGV-RGC-1080, RGV-RGC-1077, and RGV-RGC-1077E and the amount fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject

---

[15] *See* 40 U.S.C. § 3116.

properties as of March 24, 2020,[16] shall be deducted from the compensation distributed by this decree. The Court **ORDERS** the Clerk of the Court to immediately disburse $9,700 of the balance on deposit in the Court's registry,[17] together with interest, payable as follows:

- $5,350 to Ellis, Koeneke & Ramirez, LLP, for the benefit of Defendant Laura G. Sandoval, Independent Executrix for the Estate of Elisa de Leon Gutierrez, together with a 55% share of the accrued interest;

- $725 to Defendant Jose Ignacio Gutierrez together with a 7.5% share of the accrued interest;

- $241.66 to Defendant Ignacio Guerra, III together with a 2.5% share of the accrued interest;

- $241.67 to Defendant Myra Guerra together with a 2.5% share of the accrued interest;

- $241.67 to Defendant Omar Guerra together with a 2.5% share of the accrued interest;

- $725 to Defendant Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez together with a 7.5% share of the accrued interest;

- $725 to Defendant Maria Iris G. Trevino together with a 7.5% share of the accrued interest;

- $725 to Defendant Rosario G. Pope together with a 7.5% share of the accrued interest; and

- $725 to Defendant Celeste G. Narro together with a 7.5% share of the accrued interest.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants Laura G. Sandoval as Independent Executrix for the Estate of Elisa de Leon Gutierrez; Jose Ignacio Gutierrez; Ignacio Guerra, III; Myra Guerra; Omar Guerra; Sara Cecilia Martinez as Executrix for the Estate of Maria Cecilia G. Martinez; Maria Iris G. Trevino;

---

[16] *See* Dkt. No. 157 at 2–3, ¶ 5 (citing Dkt. No. 125) (describing the final deposit into the registry of the Court for Tracts RGV-RGC-1080, RGV-RGC-1077, and RGV-RGC-1077E); 40 U.S.C. § 3114(b)(1) ("On filing the declaration of taking and depositing in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration, title to the estate or interest specified in the declaration vests in the Government.").
[17] *See* Dkt. Nos. 4, 40, 125.

Rosario G. Pope; and Celeste G. Narro shall refund into the registry of the Court the compensation distributed by this decree, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This decree is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants Laura G. Sandoval, Independent Executrix for the Estate of Elisa de Leon Gutierrez; Jose Ignacio Gutierrez; Ignacio Guerra, III; Myra Guerra; Omar Guerra; Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez; Maria Iris G. Trevino; Rosario G. Pope; and Celeste G. Narro. Each party is to bear its own costs and fees. The Court now turns to the other tract for which dismissal documentation is complete.

### III. Tract RGV-RGC-1082

Tract RGV-RGC-1082 is 0.710 acres in Starr County, Texas.[18] The United States seeks to take this tract in fee simple absolute interest, subject to certain exceptions.[19] The United States and certain Defendants jointly move for an order:

> (a) establishing two thousand three hundred and 00/100 dollars ($2,300.00) as the total just compensation for Tract RGV-RGC-1082, (b) granting the United States possession of Tract RGV-RGC-1082; and (c) disbursing the stipulated amount of just compensation . . . .[20]

Before the Court can determine just compensation, Plaintiff United States "must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records."[21] Tract RGV-RGC-1082

---

[18] Dkt. No. 115-1 at 8.
[19] Dkt. No. 22-1 at 54.
[20] Dkt. No. 158 at 4, ¶ 15.
[21] FED. R. CIV. P. 71.1(c)(3); *see United States v. 22,680 Acres of Land in Kleberg Cnty.*, 438 F.2d 75, 77 (5th Cir. 1971) ("[A] federal district court may not decline to exercise its jurisdiction to determine the true owners of

also has a family and title history stretching back to 1926. However, the history is similar to that of the above tracts and the parties substantiate their ownership with written conveyances and court orders.[22] The parties attach sufficient proof of ownership and entitlement to just compensation and Defendants additionally warrant that they are the owners of the tract taken and have the exclusive right to compensation.[23] The Court finds that Defendants are entitled to just compensation according to their agreed amount of compensation and that Plaintiff United States is entitled to take the subject property according to the following. The Court **GRANTS** the joint motion with respect to these tracts[24] and **ORDERS**, **ADJUDGES**, and **DECREES** the following:

The United States is granted a fee simple absolute interest over Tract RGV-RGC-1082, which are lands described in Schedules CCC and DDD of the United States' "Second Amendment to Complaint in Condemnation,"[25] subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and excepting and excluding all interest in minerals and the rights appurtenant thereto and excepting and excluding all interest in water distribution and drainage systems, provided that any surface rights arising from the excluded interests in water distribution and drainage systems are subordinated to the construction, operation, and maintenance of the border barrier; and reserving a perpetual right of way on both sides of the federal border barrier for the purpose of gaining access to condemnees' land on the other side of the border barrier; and reserving to the United States along and on both sides of the border barrier the right to read and utilize the nearest border barrier gate for the purpose of

---

condemned land when such jurisdiction is timely invoked."); Dkt. No. 111 at 3 ("The Court finds the parties do not provide sufficient proof of ownership.").
[22] Dkt. No. 158 at 3, ¶¶ 7–10.
[23] *Id.* at 6, ¶ 15.g.
[24] Dkt. No. 158.
[25] Dkt. No. 115-1 at 8–12.

accessing condemnees' lands on the other side. The taking reserves a permanent right-of-way to any condemnee and all landowners similarly situated to access the nearest border barrier gate to lands not taken between the border barrier and the Rio Grande River which allows entry to the other side of the border barrier from which unacquired land can be accessed.

The United States must use its interests granted by this decree for the public purposes for which the property is taken: to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, and related structures designed to help secure the United States/Mexico international border within the State of Texas. All those who interfere with or whose use is inconsistent with the United States' interests in Tract RGV-RGC-1082 hereby **ORDERED** to surrender possession to the United States to the extent of the United States' interests granted by this decree.

The total sum of two thousand three hundred dollars ($2,300), together with any interest earned while on deposit in the registry of the Court,[26] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tract RGV-RGC-1082 and the amount fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of March 24, 2020,[27] shall be deducted from the compensation distributed by this decree. The Court **ORDERS** the Clerk of the

---

[26] *See* 40 U.S.C. § 3116.
[27] *See* Dkt. No. 158 at 2, ¶¶ 2–4 (describing the history of revisions to the taking of Tract RGV-RGC-1082, which was not completed until January 9, 2020); Dkt. Nos. 4, 40, 109, 120, 125 (all of Plaintiff's deposits, the last of which was made on March 24, 2020); 40 U.S.C. § 3114(b)(1) ("On filing the declaration of taking and depositing in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration, title to the estate or interest specified in the declaration vests in the Government.").

Court to immediately disburse $2,300 of the balance on deposit in the Court's registry,[28] together with interest, payable as follows:

- $383.33 to Defendant Jose Ignacio Gutierrez together with a 16.67% share of the accrued interest;

- $127.78 to Defendant Ignacio Guerra, III, together with a 5.55% share of the accrued interest;

- $127.78 to Defendant Myra Guerra together with a 5.55% share of the accrued interest;

- $127.78 to Defendant Omar Guerra together with a 5.55% share of the accrued interest;

- $383.33 to Defendant Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez together with a 16.67% share of the accrued interest;

- $383.33 to Defendant Maria Iris G. Trevino together with a 16.67% share of the accrued interest;

- $383.33 to Defendant Rosario G. Pope together with a 16.67% share of the accrued interest; and

- $383.34 to Defendant Celeste G. Narro together with a 16.67% share of the accrued interest.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants Jose Ignacio Gutierrez; Ignacio Guerra, III; Myra Guerra; Omar Guerra; Sara Cecilia Martinez as Executrix for the Estate of Maria Cecilia G. Martinez; Maria Iris G. Trevino; Rosario G. Pope; and Celeste G. Narro shall refund into the registry of the Court the compensation distributed by this decree, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

---

[28] *See* Dkt. Nos. 4, 40, 125.

This decree is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants Jose Ignacio Gutierrez; Ignacio Guerra, III; Myra Guerra; Omar Guerra; Sara Cecilia Martinez as Executrix for the Estate of Maria Cecilia G. Martinez; Maria Iris G. Trevino; Rosario G. Pope; and Celeste G. Narro. Each party is to bear its own costs and fees.

This case remains pending as to Tracts RGV-RGC-1078 and RGV-RGC-1078E.[29]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 25th day of January 2021.

_____
Micaela Alvarez
United States District Judge

---

[29] *See* Dkt. No. 160.