United States District Court
Southern District of Texas
**ENTERED**
August 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>VS.<br><br>3.17 ACRES OF LAND, more or less, in STARR COUNTY, TEXAS; and JUAN MONTALVO; et al.,<br><br>Defendants. | CIVIL ACTION NO. 7:08-cv-00177 |

## FINAL JUDGMENT

By previous order entered in this case, the Court has awarded title and immediate possession of Tracts RGV-RGC-1104, RGV-RGC-1082, RGV-RGC-1081, RGV-RGC-1080, RGV-RGC-1077, RGV-RGC-1079, and RGV-RGC-1078 to the United States in fee simple absolute, subject to all existing easements and appurtenant mineral interests, but excepting and excluding all interests in water rights and water distribution and drainage systems,[1] and established just compensation for the fee simple absolute interest taken in Tracts RGV-RGC-1104, RGV-RGC-1082, RGV-RGC-1081, RGV-RGC-1080, RGV-RGC-1077, RGV-RGC-1079, and RGV-RGC-1078,[2] and the expired, temporary two-year easements taken in RGV-RGC-1077E, RGV-RGC-1078E, and RGV-RGC-1079E.[3] Pursuant to the Court's previous orders, it is **ORDERED, ADJUDGED AND DECREED** that just compensation shall be apportioned and distributed as follows:

As to **Tracts RGV-RGC-1079** and **RGV-RGC-1079E,** the one thousand dollars and no cents ($1,00.00) deposited into the Registry of the Court,[4] along with any accrued interest earned

---

[1] Dkt. Nos. 139; 161; 181.
[2] *Id.*
[3] *Id.*
[4] *See* Dkt. Nos. 4, 109, 120, 125, & 179.

1 / 6

while on deposit, has been or is to be disbursed in compliance with this Court's July 27, 2020 order[5] to Defendants Alma Muñoz; Carmen Muñoz; Azucena Muñoz Tressler; Joshua Kusbel; Michael Kusbel; Kezia De La Garza; Leonardo De La Garza; and Elizabeth Muñoz as full and just compensation for a taking of a long-expired easement over Tract RGV-RGC-1079E and a fee simple taking of Tract RGV-RGC-1079, a 0.031-acre parcel of land, being out of a portion of Share 11-A of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas.[6] The aforementioned just compensation is awarded for an expired temporary, assignable easement over Tract RGV-RGC-1079E and a taking of Tract RGV-RGC-1079 in fee simple absolute interest. This just compensation is in full satisfaction of any claims of whatever nature by Defendants against the United States for the institution and prosecution of this action.

As to **Tract RGV-RGC-1104**, the eight thousand four hundred and sixty-eight dollars and no cents ($8,468.00) deposited into the Registry of the Court,[7] along with any accrued interest earned while on deposit, has been or is to be disbursed to Defendant John F.J. Guerra as full and just compensation for a fee simple taking of Tract RGV-RGC-1104, a 2.117-acre parcel of land, being out of a portion of Share 12-A of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas.[8] The aforementioned just compensation is awarded for a taking of Tract RGV-RGC-1104 in fee simple absolute interest. This just compensation is in full satisfaction of any claims of whatever nature by Defendant John F.J. Guerra against the United States for the institution and prosecution of this action.

As to **Tract RGV-RGC-1081**, the three thousand and nine hundred dollars and no cents ($3,900.00) deposited into the Registry of the Court,[9] along with any accrued interest earned while

---

[5] Dkt. No. 139.
[6] *See* Dkt. No. 23-1 at 25.
[7] *See* Dkt. Nos. 4, 109, 120.
[8] *See* Dkt. No. 116-1 at 2.
[9] *See* Dkt. Nos. 4, 109, 120, 125, & 179.

on deposit, has been or is to be disbursed in compliance with this Court's July 27, 2020 order[10] to Ellis, Koeneke & Ramirez, LLP for the benefit of Defendant Laura G. Sandoval, Independent Executrix for the Estate of Elisa de Leon Gutierrez as full and just compensation for a fee simple taking of Tract RGV-RGC-1081, a 0.770-acre parcel of land, being out of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas.[11] The aforementioned just compensation is awarded for a taking of Tract RGV-RGC-1081 in fee simple absolute interest. This just compensation is in full satisfaction of any claims of whatever nature by Defendant Laura G. Sandoval, Independent Executrix for the Estate of Elisa de Leon Gutierrez, against the United States for the institution and prosecution of this action.

As to **Tracts RGV-RGC-1077, RGV-RGC-1077E, and RGV-RGC-1080** the nine thousand and seven hundred dollars and no cents ($9,700.00) deposited into the Registry of the Court,[12] along with any accrued interest earned while on deposit, has been or is to be disbursed in compliance with this Court's January 25, 2021 order,[13] payable as follows:

- $5,350 to Ellis, Koeneke & Ramirez, LLP, for the benefit of Defendant Laura G. Sandoval, Independent Executrix for the Estate of Elisa de Leon Gutierrez, together with a 55% share of the accrued interest;

- $725 to Defendant Jose Ignacio Gutierrez together with a 7.5% share of the accrued interest;

- $241.66 to Defendant Ignacio Guerra, III together with a 2.5% share of the accrued interest;

- $241.67 to Defendant Myra Guerra together with a 2.5% share of the accrued interest;

- $241.67 to Defendant Omar Guerra together with a 2.5% share of the accrued interest;

- $725 to Defendant Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez together with a 7.5% share of the accrued interest;

- $725 to Defendant Maria Iris G. Trevino together with a 7.5% share of the accrued interest;

---

[10] Dkt. No. 139.
[11] *See* Dkt. No. 116-1 at 14.
[12] *See* Dkt. Nos. 4, 109, 120, 125, & 179.
[13] Dkt. No. 161.

- $725 to Defendant Rosario G. Pope together with a 7.5% share of the accrued interest; and
- $725 to Defendant Celeste G. Narro together with a 7.5% share of the accrued interest,

as full and just compensation for the taking of Tracts RGV-RGC-1077, a 0.1.256 acre parcel of land, and RGV-RGC-1080, a 0.828 acre parcel of land, both being out of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas, and the now-expired, temporary easement over Tract RGV-RGC-1077E beginning in 2017 and ending in 2019.[14] The aforementioned just compensation is awarded for an expired temporary, assignable easement over Tract RGV-RGC-1077E and a taking of Tract RGV-RGC-1077 and RGV-RGC-1080 in fee simple absolute interest. This just compensation is in full satisfaction of any claims of whatever nature by Defendants Laura G. Sandoval, Independent Executrix for the Estate of Elisa de Leon Gutierrez; Jose Ignacio Gutierrez; Ignacio Guerra, III; Myra Guerra; Omar Guerra; Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez; Maria Iris G. Trevino; Rosario G. Pope; and Celeste G. Narro.

As to **Tract RGV-RGC-1082**, the two thousand and three hundred dollars and no cents ($2,300.00) deposited into the Registry of the Court,[15] along with any accrued interest earned while on deposit, has been or is to be disbursed in compliance with this Court's January 25, 2021 order,[16] payable as follows:

- $383.33 to Defendant Jose Ignacio Gutierrez together with a 16.67% share of the accrued interest;
- $127.78 to Defendant Ignacio Guerra, III, together with a 5.55% share of the accrued interest;
- $127.78 to Defendant Myra Guerra together with a 5.55% share of the accrued interest;
- $127.78 to Defendant Omar Guerra together with a 5.55% share of the accrued interest;

---

[14] Dkt. No. 161.
[15] See Dkt. Nos. 4, 109, 120, 125, & 179.
[16] Dkt. No. 161.

- $383.33 to Defendant Sara Cecilia Martinez, Executrix for the Estate of Maria Cecilia G. Martinez together with a 16.67% share of the accrued interest;

- $383.33 to Defendant Maria Iris G. Trevino together with a 16.67% share of the accrued interest;

- $383.33 to Defendant Rosario G. Pope together with a 16.67% share of the accrued interest; and

- $383.34 to Defendant Celeste G. Narro together with a 16.67% share of the accrued interest

as full and just compensation for the taking of Tract RGV-RGC-1082, a 0.710 acre parcel of land, being out of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas. The aforementioned just compensation is awarded for a taking of Tract RGV-RGC-1082 in fee simple absolute interest. This just compensation is in full satisfaction of any claims of whatever nature by Defendants Jose Ignacio Gutierrez; Ignacio Guerra, III; Myra Guerra; Omar Guerra; Sara Cecilia Martinez as Executrix for the Estate of Maria Cecilia G. Martinez; Maria Iris G. Trevino; Rosario G. Pope; and Celeste G. Narro.

As to **Tracts RGV-RGC-1078** and **RGV-RGC-1078E**, the fourteen thousand dollars and no cents ($2,300.00) deposited into the Registry of the Court,[17] along with any accrued interest earned while on deposit, has been or is to be disbursed in compliance with this Court's July 28, 2021 order,[18] to Defendants Noelia Montalvo Munoz and Sylvia M. Ramirez as full and just compensation for a fee simple taking of Tract RGV-RGC-1078, a 1.056 acre parcel of land, being out of Porcion 71, Ancient Jurisdiction of Mier, Mexico, now Starr County, Texas, and the now-expired, temporary easement over Tract RGV-RGC-1078E beginning in 2017 and ending in 2019.[19] The aforementioned just compensation is awarded for a taking of Tract RGV-RGC-1078 in fee simple absolute interest and an expired temporary, assignable easement over Tract RGV-RGC-1078E. This just compensation is in full satisfaction of any claims of whatever nature by to

---

[17] *See* Dkt. Nos. 4, 109, 120, 125, & 179.
[18] Dkt. No. 181.
[19] Dkt. No. 181.

Defendants Noelia Montalvo Munoz and Sylvia M. Ramirez against the United States for the institution and prosecution of this action.

It is further **ORDERED, ADJUDGED AND DECREED** that title to Tracts RGV-RGC-1104, RGV-RGC-1082, RGV-RGC-1081, RGV-RGC-1080, RGV-RGC-1077, RGV-RGC-1079, and RGV-RGC-1078 is and shall be vested in the United States in fee simple absolute interest, and the United States shall be entitled to immediate possession thereof, subject to all existing easements and appurtenant mineral interests, but excepting and excluding all interests in water rights and water distribution and drainage systems.

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants shall refund into the registry of the Court the compensation distributed by this decree, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This decree is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants. Each party is to bear its own costs and fees. All claims in this case having been resolved, the Court hereby renders final judgment in accordance with Federal Rule of Civil Procedure 54. This case is terminated, and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of August 2021.

_____
Micaela Alvarez
United States District Judge